LEWIS BRISBOIS BISGAARD & SMITH LLP
NORA M. NACHTSHEIM, SB# 221618
 E-Mail: Nora.Nachtsheim@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

LEWIS BRISBOIS BISGAARD & SMITH LLP
REBECCA R. WEINREICH, SB# 155684
 E-Mail: Rebecca.Weinreich@lewisbrisbois.com
ANGELA A. ZANIN, SB# 229149
 E-Mail: Angela.Zanin@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Respondent NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, erroneously sued as AMERICAN INTERNATIONAL GROUP, INC.

**FILED**
Superior Court of California
County of Placer
APR 22 2019
Jake Chatters
Executive Officer & Clerk
By: O. Lucatuorto, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF PLACER, ROSEVILLE

| | |
|---|---|
| TIMOTHY CROSS; LESLY CROSS,<br><br>Petitioners,<br><br>vs.<br><br>AMERICAN INTERNATIONAL GROUP, INC.; and DOES 1 through 10, inclusive,<br><br>Respondent. | CASE NO. SCV 0042620<br><br>Assigned for All Purposes to:<br>The Hon. Charles Wachob, Dept. 42<br><br>**NATIONAL UNION'S OPPOSITION TO TIMOTHY CROSS AND LESLY CROSS' PETITION TO COMPEL ARBITRATION**<br><br>*[Filed concurrently with Request for Judicial Notice; Declaration of Linda Murphy and [Proposed] Order]*<br><br>Date: May 2, 2019<br>Time: 8:30 a.m.<br>Dept.: 42<br><br>Petition to Compel<br>Arbitration filed: March 6, 2019<br>Trial Date: None Set |

Respondent National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), erroneously sued as American International Group, Inc., hereby specially appears to

4844-8279-0548.1

1
NATIONAL UNION'S OPPOSITION TO TIMOTHY CROSS AND LESLY CROSS' PETITION TO COMPEL ARBITRATION

oppose the Petition to Compel Arbitration filed by Petitioners Timothy Cross and Lesly Cross. This special appearance will not constitute a general appearance in this action by National Union.[1]

## I. INTRODUCTION

Nearly three decades of California precedent confirm that an insured is *not* "*under*insured" where the tortfeasor's policy limits are greater than the insured's own policy. Despite this well-settled law, Petitioners seek to compel National Union to arbitrate underinsured motorist policy benefits, where no such benefits can nor ever will exist.

First and foremost, the Petition to Compel Arbitration must be denied, as the National Union policy specifically states that "disputes concerning coverage under this endorsement may **not** be arbitrated." [Emphasis supplied] This is a coverage dispute. Based on its express policy terms, and the California Uninsured Motorist Statute, National Union properly denied payment of underinsured motorist benefits to Petitioners because no such benefits are allowed under either the black letter law or the policy terms. There is no way around the fact that this is a "dispute concerning coverage," and not subject to arbitration.

Specifically, under both the Insurance Code and the National Union policy, no underinsured coverage is available under the National Union Policy, as the tortfeasor's limits of $50,000 are greater than the National Union limits of $30,000.

For these reasons, the Court should deny the Petition to Compel Arbitration.

## II. FACTUAL BACKGROUND

### A. National Union Policy

National Union issued a Business Auto policy, policy number 657-92-27, effective December 31, 2014 to December 31, 2015, to Hilbers, Inc. ("National Union Policy").

---

[1] American International Group, Inc. is not a proper party, and is the subject of a concurrently filed Motion to Quash, which is set for hearing May 23, 2018. National Union issued the policy and is the only proper defendant. In addition, this Opposition is concurrently filed with a Motion to Change Venue, also set for hearing May 23, 2019. To promote judicial efficiency, National Union respectfully requests that these three motions be heard concurrently on the same hearing date, and that the hearing date on the Petition to Compel be continued by the Court until May 23, 2019. Further, once National Union is properly served, it reserves its right to remove this matter to federal court.

(Declaration of Linda Murphy, ¶3, Exh. 1.) The policy includes California Uninsured Motorists Coverage-Bodily Injury coverage issued under form CA 21 54 09 09. *Id.* The policy is endorsed with Split Uninsured Motorist Coverage Limits California, which states the "Bodily Injury" limits are $30,000 for Each Person, and $60,000 Each Accident. *Id.*

In relevant part, the National Union Policy provides:

### A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle."

### D. Limit Of Insurance

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident". the most we will pay for all damages resulting from any one "accident" is the Limit of Insurance for Uninsured Motorist Coverage shown in the Schedule of Declarations.

### E. Changes In Conditions

5. The following Condition is added:

**Arbitration**
a. If we and an "insured" disagree whether the "insured is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", the disagreement will be settled by arbitration. . . <u>However, disputes concerning coverage under this endorsement may not be arbitrated</u>.

### F. Additional Definitions

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged <u>but that sum is less than the Limit of Insurance for this coverage</u>. *Id.* (underline added.)

B. **Underlying Action**

On June 2, 2016, Petitioners sued tortfeasor Laurel Bane in Sacramento Superior Court, case number 34-2016-00195460 ("Underlying Action"), alleging negligence and loss of consortium. [Request for Judicial Notice ("RJN"), ¶1, Exh. 6.] Petitioners allege that on September 30, 2015, Tim Cross was driving a Ford F-150 pickup truck owned by his employer, Hilbers. *Id.* While exiting Highway 80 in Sacramento, Tim Cross, was broadsided by Laurel Bane, who was driving a 2006 Acura. *Id.*

Laurel Bane was insured under an auto policy issued by USAA Casualty Insurance Company, which included bodily injury policy limits of $50,000 each person and $100,000 each accident ("USAA Policy"). (Murphy Dec. ¶4, Exh. 2.)

On September 11, 2018, Petitioners and Laurel Bane entered into a Settlement Agreement and Release of All Claims for the sum of $50,000. (Murphy Dec. ¶6, Exh. 3.)

On December 10, 2018, Petitioners' attorney, the Cutter Law P.C., wrote to National Union.

> Please accept this letter as Tim and Lesly Cross' demand for the $1,000,000.00 Underinsured Motorist Limits applicable to AIG policy number 657-92-27 issued to Hilbers, Inc. for the benefit of its former employee Tim Cross . . .
>
> This underinsured motorist claim arises out of a September 30, 2015 broadside collision in which Tim was struck by an SUV that was traveling at approximately 50 miles per hour as it exited highway 80 in Sacramento, California. Tim has lived with three years of constant pain in his cervical and lumbar spine, migraine headaches secondary to concussion, and knee joint pain . . . .

(Murphy Dec. ¶5; Exh. 3.)

On January 21, 2019, National Union responded.

> AIG Claims, Inc. is the claims administrator for National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), which issued Policy No. 006579227 ("Policy") to Hilbers Inc. We acknowledge receipt of your correspondence to AIG Claims, Inc., in which you ask about the availability of Underinsured Motorist coverage under the Policy concerning the accident that occurred on 9/30/2015. For the reasons set forth below, we must advise you that **no Underinsured motorist coverage is available to your client for**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4844-8279-0548.1
4
NATIONAL UNION'S OPPOSITION TO TIMOTHY CROSS AND LESLY CROSS' PETITION TO COMPEL ARBITRATION

B - 13

this accident...

**The tortfeasor had limits of $50,000.00, which have been tendered. The tortfeasor limit is more than the $30,000 Underinsured Motorist limit for the Policy. Accordingly, the claim does not involve an "uninsured motor vehicle" as defined by the Policy.** Thus, there is no uninsured/underinsured motorist coverage available for your client, and we must decline any request for benefits under Uninsured/Underinsured Motorist coverage.

(Murphy Dec. ¶7, Exh. 5 (bold added).)

On March 6, 2019, Petitioners filed a Petition to Compel Arbitration. While they quoted the policy's arbitration, they conveniently omitted the provision of the policy which states, "However, disputes concerning coverage under this endorsement may <u>not</u> be arbitrated." (See Murphy Dec. ¶3, Exh. 1 (underline added).) Petitioners' further allege:

A controversy has arisen between Petitioners and Respondent in that Respondent is refusing to pay benefits owed for injuries and damages resulting from a motor vehicle collision. (RJN ¶2, Exh. 7, Petition to Compel Arbitration, p. 2 ¶3.)

## III. LEGAL ARGUMENT

### A. This Court Should Consider the Actual National Union Policy Terms in Ruling on the Petition to Compel Arbitration

As an initial matter, where a petitioner pleads only conclusory allegations that the loss was covered under a policy, and that they are entitled to underinsured motorist benefits, the express terms of the actual policy control. *Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal. App. 3d 1624, 1627; *see also, Mead v. Sanwa Bank Cal.* (1998) 61 Cal. App. 4th 561, 567-68 ("If the facts appearing in the attached exhibit contradict those expressly pleaded, those in the exhibit are given precedence."). Here, Petitioner misrepresent the policy by omitting the policy provision which states that "disputes concerning coverage under this endorsement may not be arbitrated." (See Murphy Dec. ¶3, Exh. 1.) Because the Petition's conclusory allegations conflict with the actual policy (an authenticated copy of which is submitted concurrently herewith), the actual policy controls. As such, this Court should consider the actual National Union policy, and the USAA Policy, which are attached as properly authenticated exhibits to this Opposition.

4844-8279-0548.1
5
NATIONAL UNION'S OPPOSITION TO TIMOTHY CROSS AND LESLY CROSS' PETITION TO COMPEL ARBITRATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

BY FAX

B - 14

### B. The Issue of Coverage for an Alleged Underinsured Motorist under the National Union Policy Is Not Arbitrable

Underinsured motorist ("UIM") arbitration is limited to issues relating to liability of the uninsured motorist to the insured; **it does not include determination of the extent of coverage** or the amount of money, if any, the insurance company must pay the insured. *Furlough v. Transamerica Ins. Co.* (1988) 203 Cal. App. 3d 40, 45-46. While parties voluntarily may submit to arbitration issues other than those required by statute and the policy, "the courts will not infer a voluntary submission of a nonstatutory issue in the absence of a clear showing that the parties so intended, either by actual litigation or argument of the issue . . . or by some other unambiguous conduct." *Id.*

Here, the National Union Policy specifically states that "disputes concerning coverage under this endorsement may not be arbitrated." (Murphy Dec. ¶3, Exh. 1.) Because the only dispute is whether UIM coverage is available under the policy, it is not properly arbitrated, and the Petition should be dismissed on these grounds alone.

Indeed, the Petition itself alleges a "controversy has arisen between Petitioners and Respondent in that Respondent is refusing to pay benefits owed for injuries and damages resulting from a motor vehicle collision." (Petition to Compel Arbitration p. 2, ¶3.) National Union declined UIM coverage to Petitioners based upon the express terms of the policy and Insurance Code section 11580.2. This is simply not an issue ripe for arbitration.

### C. Because the Tortfeasor's Policy Limits Are Greater than the National Union Policy Limits, Petitioners Are Neither "Underinsured" Nor Entitled to Benefits from National Union

The applicability of UIM coverage is governed by California Insurance Code §11580.2, subdivision (p), which states that such coverage "applies only when bodily injury . . . is caused by an underinsured motor vehicle." Insurance Code §11580.2(p)(2), defines "underinsured motorist vehicle" as:

> "Underinsured motor vehicle" means a motor vehicle that is an insured motor vehicle <u>but insured for an amount that is less than the</u>

<u>uninsured motorist limits carried on the motor vehicle of the injured person.</u>

See *State Farm Mut. Auto. Ins. Co. v. Messinger*, 232 Cal. App. 3d 508, 513 (1991); *Schwieterman v. Mercury Casualty Co.*, 229 Cal. App. 3d 1044, 1046 (1991); *Lopez v. Allstate Ins. Co.*, 14 Cal. App. 4th 1835, 1839 (1993).

This statutory language mirrors the language of the National Union Policy, which provides that an "Uninsured motor vehicle" includes an "underinsured" vehicle "for which the sum of all liability bonds or policies at the time of an 'accident' provides at least the amounts required by the applicable law where a covered 'auto' is principally garaged <u>but that sum is less than the Limit of Insurance for this coverage.</u>" (Murphy Dec. ¶3, Exh. 1, emphasis supplied.)

Here, the underlying tortfeasor, Laurel Bane's policy limits are $50,000. The National Union UIM limit is only $30,000. Therefore, on its face, Petitioner's are not "underinsured" because the tortfeasor's limits under the USAA Policy are greater than that of the National Union UIM limits. The California Courts of Appeal, including this Court's District (Third Judicial District), considered this exact issue in three separate cases, finding no UIM coverage available. Indeed, this issue has been well settled for nearly three decades.

First, in *Schwieterman v. Mercury Casualty Co.* (1991) 229 Cal. App. 3d 1044, 1046, Schwieterman and others sustained injuries in an automobile accident where the tortfeasor's limits were $15,000/$30,000 bodily injury coverage. The tortfeasor's insurance tendered the $30,000 policy limit to the claimants of which Schwieterman received $10,000 for his injuries. He claimed that his $10,000 settlement was inadequate and demanded UIM benefits from his own insurance carrier, Mercury. Even though his UIM limits were equal to the $15,000/$30,000 policy limits of the tortfeasor's policy, Schwieterman claimed that he was entitled to $5,000, the difference between the amount of his bodily injury settlement of $10,000 and the $15,000 per person underinsured motorist limit. The trial court disagreed and the Court of Appeal for the Fourth District affirmed, holding that Schwieterman could not recover under his policy's underinsured motorist coverage as the limits on such benefits were the same as the tortfeasor's liability limits. The court noted that "the tortfeasor would only be considered an underinsured motorist if his

liability limits were *less than* the victim's underinsured limits." *Id.* at 1048 (emphasis in original).

The Court of Appeal for the Third District, in *State Farm v. Messinger* (1991) 232 Cal. App. 3d 508, 521, addressed the same issue. There, Georgette Sehn and Diana Messinger were passengers in a vehicle driven by George E. Messinger, which was involved in a collision with a vehicle driven by John Lee Ballard. As a result of a collision, the Messingers and Sehn were injured. At the time of the accident, George Messinger had a State Farm auto policy with UIM coverage in the amounts of $100,000 per person and $300,000 per accident. The at-fault driver, John Lee Ballard, carried bodily injury liability insurance on his vehicle through Aetna with an aggregate single limit of $300,000. Aetna tendered the $300,000 policy limit, allocating $290,000 to Sehn and $5,000 to each of the Messingers. The three claimants agreed to this allocation of the contractual benefits.

State Farm asserted that Ballard's vehicle was not underinsured given that his $300,000 policy limit was equal to the $300,000 aggregate limit of the Messinger policy. The Court of Appeal agreed.

> By simply comparing Ballard's limits ($300,000) with the Messingers' limits ($300,000), it is clear that Ballard's car was not an underinsured motor vehicle as defined by the Insurance Code and the Messingers' insurance policy. Ballard's car was insured in an amount *equal* to the uninsured/[underinsured] coverage the Messingers carried, and therefore not "an amount less than the uninsured/underinsured motorist limits carried" by the Messingers. (Citation.) Accordingly, the Messingers' underinsurance coverage – drafted in language conforming to section 11580.2, subdivision (p)(2) – was never triggered and they were never entitled to collect *any* underinsurance amount from State Farm. *Id.* at 514.

Two years later, in *Lopez v. Allstate Ins. Co.*, 14 Cal. App. 4th 1835 (1993), the Court of Appeal for the Fifth District, relying on *Messinger* and *Schwieterman*, rejected an UIM claim where the $15,000/$30,000 UIM limits were equal to the tortfeasor's bodily injury limits. The *Lopez* court agreed with the *Messinger* and *Schwieterman* courts finding that that Insurance Code section 11580.2(p)(2) "clearly and unambiguously restricts underinsured motorist benefits to cases in which the tortfeasor's liability limits are less than the underinsurance limits." *Id.* at 1839.

In Reply, National Union expects Petitioners to argue that an email from a National Union

adjuster which states, "This is a $M policy," somehow changes this outcome and confers coverage. First, that email merely states what is true, that the National Union Policy limits for liability are $1 million. However, undisputedly, the Uninsured Motorist coverage is subject to a separate limit of $30,000. Regardless, the opinions of insurance company representatives regarding how an insurance policy should be interpreted are inadmissible opinion evidence, "completely irrelevant to interpret an insurance contract." *Chatton v. National Union Fire Ins. Co.* (1992) 10 Cal. App. 4th 846, 865 (admission by insurer's employees does not establish coverage); *Quan v. Truck Insurance Exchange* (1998) 67 Cal. App. 4th 583, 602 ("[T]he insureds' argument that insurance company employee opinions or memos gave rise to a duty to defend in this case must fail. Interpretation of an insurance policy is a question of law, as is whether there is a duty to defend in this context. Even experts may not opine on pure questions of law."); *Prudential Ins. Co. of America, Inc. v. Sup. Ct. (Dunniway)* (2002) 98 Cal. App. 4th 585, 603; *Fire Ins. Exchange v. Sup. Ct. (Altman)* (2004) 116 Cal. App. 4th 446.

Clearly, under controlling legal authority, no UIM coverage is available under the National Union Policy, as the tortfeasor's limits of $50,000 through the USAA Policy *were greater* than the National Union UIM limits of $30,000. *See* Cal. Ins. Code § 11580.2(p)(3); *Explorer Ins. Co. v. Gonzalez* (2008) 164 Cal. App. 4th 1258, 1261; *Lopez v. Allstate Ins. Co.* (1993) 14 Cal. App. 4th 1835, 1839. Based upon well-settled California law, Petitioners' claim for UIM coverage lacks any legal support.

## IV. CONCLUSION

For the foregoing reasons, National Union requests this Court to deny the Petition to Compel Arbitration.

DATED: April 19, 2019    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Angela Zanin
Rebecca R. Weinreich
Angela A. Zanin
Attorneys for Respondent NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

**STATE COURT PROOF OF SERVICE**
*Cross v. American International Group, Inc.*
Case No. SCV 0042620

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

On April 19, 2019, I served the following document(s): **NATIONAL UNION'S OPPOSITION TO TIMOTHY CROSS AND LESLY CROSS' PETITION TO COMPEL ARBITRATION**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

C. Brooks Cutter, Esq.                                  *Attorneys for Petitioners*
John G. Roussas, Esq.
Matthew M. Breining, Esq.
CUTTER LAW P.C.
401 Watt Avenue
Sacramento, CA 95864
Tel.:   (916) 290-9400
Fax:   (916) 588-9330
Email: jroussas@cutterlaw.com

The documents were served by the following means:

☒ (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 19, 2019, at Los Angeles, California.

_____
Yvonne L. Blum

BY FAX

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4844-8279-0548.1                                10
NATIONAL UNION'S OPPOSITION TO TIMOTHY CROSS AND LESLY CROSS' PETITION
TO COMPEL ARBITRATION