# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CROSS, et al., | Case No. 2:19-cv-00787-KJM-DB |
| Plaintiffs, | |
| v. | ORDER |
| AMERICAN INTERNATIONAL GROUP, et al., | |
| Defendants. | |

      Under the court's standing order, counsel must certify in any notice of motion that the parties have exhausted meet and confer efforts. ECF No. 4-1 at 3. Here, in filing its motion to dismiss, defendant National Union Fire Insurance Company of Pittsburgh, PA's counsel indicates she attempted to meet and confer with plaintiffs but National Union never "received a response to its meet and confer letter." ECF No. 6 at 3. Plaintiffs oppose the motion without explaining why their counsel failed to comply with the court's meet and confer requirement, though plaintiffs' opposition incidentally includes a letter from plaintiffs' counsel offering to discuss the substance of the motion with National Union's counsel nearly a month after that motion was filed. ECF No. 9-7 at 2 (letter dated June 18, 2019).

      Accordingly, plaintiffs' counsel is ORDERED to show cause within seven (7) days why he should not be sanctioned $250 for failure to comply with the court's meet and confer requirement. The court notes, given both parties' reference to meet and confer letters, that rarely

1

if ever can proper meet and confer be satisfied by the sending of a letter alone.[1]  The court VACATES the hearing dates for the pending motion to dismiss, ECF No. 6, and motion to compel arbitration, ECF No. 7, and RESETS hearing for August 23, 3019, with briefing deadlines reset under Local Rule 230.  The parties are ORDERED to fulfill their meet and confer obligations and indicate whether their discussions affect the pending motion to dismiss and motion to compel arbitration, with a joint status report to be filed no later than August 9, 2019.

        IT IS SO ORDERED.

DATED: July 2, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court notes plaintiffs' counsel appears to be familiar with the court's meet and confer requirement, as plaintiffs' motion to compel arbitration is accompanied by certification of meet and confer.